# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS, CDCR #F-92755,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>K. RASKE, et al.<br><br>　　　　　　　　　　　Defendants. | Civil No.　11cv0243 WQH (JMA)<br><br>**ORDER:**<br><br>**(1) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); AND**<br><br>**(2) DENYING MOTION FOR COURT TO SERVE SUMMONS UPON DEFENDANTS AND GRANTING MOTION TO ALLOW PLAINTIFF TO AMEND HIS COMPLAINT** |

**I.　Procedural History**

On February 4, 2011, Plaintiff, a state inmate currently incarcerated at Ironwood State Prison located in Blythe, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleged that he was denied access to the courts when he was housed at Calipatria State Prison in 2009. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

On March 30, 2011, the Court granted Plaintiff's Motion to Proceed IFP and dismissed his Complaint for failing to state a claim upon which relief could be granted. *See* Mar. 30, 2011 Order at 5-6. The Court granted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* Plaintiff was also cautioned that any Defendants not named and claims not re-alleged in the Amended Complaint would be deemed to have been waived. *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff then filed his First Amended Complaint ("FAC"). In his First Amended Complaint, Plaintiff no longer names as Defendants, J. Chiang or B. Leonard. Thus, those Defendants are **DISMISSED** from this action. Plaintiff has also filed a "Request asking this Court to serve summons upon Defendants in this case, or if this Court finds that Petitioner fails to state a claim, that this Court should grant Petitioner opportunity to yet again, amend his Civil Action herewith" [ECF No. 6]. Because the Court does determine that Plaintiff's First Amended Complaint still contains deficiencies of pleading, the Court **DENIES** Plaintiff's request to issue summons as to Defendants but will **GRANT** Plaintiff leave to file a Second Amended Complaint.

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act's ("PLRA") amendments to 28 U.S.C. § 1915 obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

**A.    42 U.S.C. § 1983**

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a

right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### B.     Respondeat Superior

Plaintiff names former Governor Arnold Schwarzenegger, Secretary of the CDCR Matthew Cate, Warden Larry Small and Associate Warden T. Ochoa as Defendants in this matter but fail to set forth sufficient factual allegations with regard to these Defendants in the body of Plaintiff's First Amended Complaint. Thus, it appears that Plaintiff seeks to hold these Defendants liable in their supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's First Amended Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against these Defendants.

### C.     Grievance procedure

Plaintiff seeks to hold Defendant Hodges-Wilkins and Foston liable because he disagrees with their handling of his administrative grievances. The Fourteenth Amendment provides that: "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the

deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).   State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  To state a procedural due process claim, Plaintiff must allege:  "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

However, the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause.  *See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure")); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

In addition, Plaintiff has failed to plead facts sufficient to show that prison official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner.  While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants:  (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*,  515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).  Plaintiff pleads nothing to suggest how the allegedly inadequate review and consideration of his inmate grievances amounted to a restraint on his freedom not contemplated by his original sentence or how it resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.

Thus, to the extent Plaintiff challenges the procedural adequacy of inmate grievance procedures, his First Amended Complaint fails to state a due process claim.  *See* 28 U.S.C. § 1915A(b)(1); *Resnick*, 213 F.3d at 446.

For these reasons, the Court finds that Plaintiff's First Amended Complaint fails to state a constitutional claim upon which § 1983 relief can be granted, and thus, this action must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Defendants J. Chiang and B. Leonard are **DISMISSED** from this action. *See King*, 814 F.2d at 567.

2. Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

3. Plaintiff's Motion to have the Court issue summons and serve Defendants is **DENIED**. However, Plaintiff's Motion for leave to File a Second Amended Complaint is **GRANTED** [ECF No. 6].

4. The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: July 25, 2011

　　　　　　　　　　　　　　　　　　　　*William Q. Hayes*
　　　　　　　　　　　　　　　　　　　**WILLIAM Q. HAYES**
　　　　　　　　　　　　　　　　　　　United States District Judge