FILED

2013 FEB 19 AM 11:34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS, CDCR #F-92755,<br><br>                            Plaintiff,<br>vs.<br>K. RASKE, et al.<br><br>                            Defendants. | Civil No.   11cv0243 WQH (JMA)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I.     Procedural History

On February 4, 2011, Plaintiff, a state inmate currently incarcerated at Ironwood State Prison located in Blythe, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  In his Complaint, Plaintiff alleged that he was denied access to the courts when he was housed at Calipatria State Prison in 2009.  Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

On March 30, 2011, the Court granted Plaintiff's Motion to Proceed IFP and dismissed his Complaint for failing to state a claim upon which relief could be granted. (ECF No. 3 at 4-5.)  The Court granted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court.  *Id.*  Plaintiff was also cautioned that any Defendants not named and claims not re-alleged in the Amended Complaint would be deemed

to have been waived. *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff then filed his First Amended Complaint ("FAC"). In his First Amended Complaint, Plaintiff no longer names as Defendants, J. Chiang or B. Leonard. Thus, those Defendants were dismissed from this action. (ECF No. 7 at 2.)

On July 25, 2011, the Court, once again, dismissed Plaintiff's First Amended Complaint for failing to state a claim upon which relief could be granted but permitted Plaintiff leave to file a Second Amended Complaint. (ECF No. 7 at 5.) Plaintiff failed to submit a Second Amended Complaint within the time frame set forth in the Court's Order but the Court permitted Plaintiff to file a Second Amended Complaint ("SAC") on September 7, 2012. (ECF NO. 9.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act's ("PLRA") amendments to 28 U.S.C. § 1915 obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

### A.  42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### B.  Rule 8

As a preliminary matter, the Court finds that Plaintiff's Second Amended Complaint, which is over one hundred and thirty pages (130) fails to comply with Rule 8.  Specifically,

Rule 8 provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(1) & (2). If Plaintiff chooses to file an Amended Complaint, he must comply with Rule 8. He is further cautioned that he must also comply with Local Rule 8.2 which provides, in part, that prisoners must use the Court's form complaints and any additional pages are "not to exceed fifteen (15) in number." S.D. CIVLR 8.2.

### C. Access to Courts

Throughout most of Plaintiff's Second Amended Complaint, he alleges that, beginning in October of 2009, he was denied adequate access to the courts by all Defendants. Specifically though, Plaintiff alleges that this pattern of denial began on October 5, 2009, when Defendant Raske allegedly removed his petition for writ of habeas corpus from him and kept it for eighteen (18) days. (*See* SAC at 11.)

Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement."). Specifically, Plaintiff references two civil rights cases and his petition for writ of habeas corpus which he claims were dismissed due to the actions of the Defendants beginning on October 5, 2010. (*See* SAC at 9.)

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The first case referenced by Plaintiff is *Adams v. Gottlieb, et al.*, C.D. Cal. Civil Case No. 2:07-cv-06820-SJO-PJW. Plaintiff claims that Defendant Raske "caused Plaintiff to fail in his Federal civil action against defendants" in this matter. A review of the Court's docket in this matter shows that United States District Judge S. James Otero adopted a Magistrate Judge's Report and Recommendation granting the defendant's motion to dismiss and dismissing the action without prejudice on July 17, 2008. *Id.*, ECF Nos. 33, 34. Accordingly, judgment against Plaintiff was entered more than two years prior to his claims that Defendant Raske interfered with this matter.

Plaintiff also claims that he "continues to suffer the actions of Raske, plaintiff has failed in the Federal Court on habeas corpus and the Federal Court absolutely misconstrues the issues of plaintiff's complaint!" (SAC at 14.) The Court takes judicial notice of *Adams v. McEwin, et al.*, C.D. Cal. Civil Case No. 2:10-cv-01194-SJO-PJW in which Plaintiff is proceeding with his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In this matter, the Court considered Plaintiff's Petition on the merits and denied his Petition on June 1, 2012. *Id.*, ECF No. 81. Plaintiff appealed that decision and it remains pending in the Ninth Circuit Court of Appeal. *Id.*, ECF Nos. 82-84. Thus, Plaintiff cannot plead an "actual injury" as there has not been a final ruling on this matter by the Ninth Circuit Court of Appeals. *Lewis*, 518 U.S. at 348.

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*, 518 U.S. at 351; *Christopher v. Harbury*, 536 U.S. 403, 416 (2002) ("like any other element of an access claim[,] ... the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted.

### D.     Respondeat Superior

Plaintiff names former Governor Arnold Schwarzenegger and former Secretary of the CDCR Matthew Cate, as Defendants in this matter but fail to set forth sufficient factual allegations with regard to these Defendants in the body of Plaintiff's Second Amended Complaint. Thus, it appears that Plaintiff seeks to hold these Defendants liable in their supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

///

As currently pleaded, however, Plaintiff's Second Amended Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against these Defendants.

### E. Duplicative claims

Finally, the Court finds that many of the claims Plaintiff attempts to bring in this action for the first time he raised in an action previously filed he filed in 2010. In *Adams v. Small, et al.*, S.D. Cal Civil Case No. 3:10-cv-01211 MMA (POR), Plaintiff raises claims regarding the time that he spent in administrative segregation, including specific Eighth Amendment failure to protect claims, that are identical to those he is raising for the first time in his Second Amended Complaint in this action.

A complaint is considered frivolous under 28 U.S.C. § 1915(e)(2)(B)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Thus, because Plaintiff has already filed some of the claims that he has filed in this action in *Adams v. Small, et al.*, S.D. Cal Civil Case No. 3:10-cv-01211 MMA (POR), the Court hereby DISMISSES the duplicative claims in this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(1). *See Cato*, 70 F.3d at 1105 n.2.

For these reasons, the Court finds that Plaintiff's Second Amended Complaint fails to state a constitutional claim upon which § 1983 relief can be granted and is frivolous, and thus, this action must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). If Plaintiff chooses to file an Amended Complaint, he may not allege any claims that he previously raised in *Adams v. Small, et al.*, S.D. Cal Civil Case No. 3:10-cv-01211 MMA (POR).

### III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** sixty (60) days leave from the date this Order is "Filed" in which to file a Third Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must

be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

    2.    The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: 2/15/13

HON. WILLIAM Q. HAYES
United States District Judge