FILED
13 AUG 13 AM 9:29
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
WMS       DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS, CDCR #F-92755,<br><br>Plaintiff,<br><br>vs.<br><br>K. RASKE, et al.<br><br>Defendants. | Civil No. 11cv0243 WQH (JMA)<br><br>**ORDER**<br><br>**(1) DENYING MOTION TO DISQUALIFY MAGISTRATE JUDGE (ECF No. 14); and**<br><br>**(2) DISMISSING THIRD AMENDED COMPLAINT FOR FAILING TO COMPLY WITH COURT ORDER; FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

**I.     Procedural History**

On February 4, 2011, Plaintiff, a state inmate currently incarcerated at Ironwood State Prison located in Blythe, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleged that he was denied access to the courts when he was housed at Calipatria State Prison in 2009. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

///

On March 30, 2011, the Court granted Plaintiff's Motion to Proceed IFP and dismissed his Complaint for failing to state a claim upon which relief could be granted. (ECF No. 3 at 4-5.) The Court granted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* Plaintiff was also cautioned that any Defendants not named and claims not re-alleged in the Amended Complaint would be deemed to have been waived. *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff then filed his First Amended Complaint ("FAC"). In his First Amended Complaint, Plaintiff no longer names as Defendants, J. Chiang or B. Leonard. Thus, those Defendants were dismissed from this action. (ECF No. 7 at 2.)

On July 25, 2011, the Court, once again, dismissed Plaintiff's First Amended Complaint for failing to state a claim upon which relief could be granted but permitted Plaintiff leave to file a Second Amended Complaint. (ECF No. 7 at 5.) Plaintiff failed to submit a Second Amended Complaint within the time frame set forth in the Court's Order but the Court permitted Plaintiff to file a Second Amended Complaint ("SAC") on September 7, 2012. (ECF NO. 9.) The Court, once again, conducted the required sua sponte screening and found that Plaintiff's Second Amended Complaint failed to state a claim upon which relief could be granted and was frivolous. (ECF No. 10 at 6-7.) Again, Plaintiff was granted leave to file an Amended Complaint to correct the deficiencies of pleading identified by the Court. Plaintiff was specifically admonished by the Court that he must comply with both the Federal Rules of Civil Procedure Rule 8 and Local Rule 8.2 which provides that prisoners must use the Court's form complaint and any additional pages are "not to exceed fifteen (15) in number." (*Id.* at 3.)

Instead of complying with the Court's Order, Plaintiff filed his Third Amended Complaint ("TAC") which fails to comply with the Court's previous Order, Rule 8 or Local Rule 8.2. (ECF No. 12.) In addition, Plaintiff has filed a "Motion to Disqualify Magistrate Judge." (ECF No. 14.)

II. MOTION TO DISQUALIFY MAGISTRATE JUDGE

Plaintiff has filed a "Motion to Disqualify Magistrate Judge." (ECF No. 14.) In this Motion, Plaintiff contends that the Magistrate Judge in this matter has "performed prejudicially

and has caused undue delay, and hindered Plaintiff's ability to meaningfully litigate his case and his serious constitutional claims." (ECF No. 14 at 1.) However, while Plaintiff seeks to disqualify Magistrate Judge Jan Adler from this matter, Magistrate Judge Adler has not issued any rulings in this case. It has been this Court who has issued the rulings in this matter and therefore, the Court construes Plaintiff's Motion as one seeking recusal of United States District Judge William Hayes.

"'In the absence of a legitimate reason to recuse himself, a judge has a duty to sit in judgment in all cases coming before him,'" *United States v. Holland*, 501 F.3d 1120, 1123 (9th Cir. 2007) (citing *Laird v. Tatum*, 409 U.S. 824, 837 (1972)), "except those in which [his] 'impartiality might reasonably be questioned.'" *Id.* (citing 28 U.S.C. § 455(a) ("[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.")). A motion to disqualify "must be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 549 (1994).

Here, Plaintiff claims this Court's impartiality is in question based, in part, on the previous Orders dismissing his pleadings for failing to state a claim and as frivolous pursuant to the sua sponte screening provisions of 28 U.S.C. § 1915(e)(2) and § 1915A(b). Plaintiff claims that this Court has been "litigating for the Defendants, before the case is even served on them." (ECF No. 14 at 1.) As the Court has stated to Plaintiff in all the prior orders, the Prison Litigation Reform Act ("PLRA") requires the Court to engage in a screening process of all complaints filed by prisoners. Under the PLRA, the Court *must* sua sponte dismiss any prisoner civil action, or any portions therefore, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Supreme Court has held that judicial rulings and the opinions formed by judges on the basis of facts introduced in the course of proceedings "almost never constitute a valid basis for a bias or partiality motion ... unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555; *see also Holland*, 501 F.3d at 1124 ("[Section] 455 is limited by the 'extrajudicial source' factor which generally requires as

the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of the [case.]"). "Put differently, the judge's conduct," including "the mere fact that a judge has previously expressed an opinion on a point of law," or has issued adverse "prior rulings in the proceeding," does not "'except in the rarest of circumstances'" form the sole basis for recusal under § 455(a)." *Holland*, 501 F.3d at 1124-25 (citations omitted); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1159-60 (9th Cir. 1999).

Plaintiff contends that this Court has "caused a suspicious undue delay in this case" and argues that this Court delayed the screening of this matter for two years. (ECF No. 14 at 2.) A review of the Court's docket indicates that this is incorrect. Plaintiff initially filed this action on February 4, 2011. (ECF No. 1.) The Court conducted the first sua sponte screening on March 30, 2011. (ECF No. 3.) Plaintiff filed his First Amended Complaint on April 21, 2011. (ECF No. 4.) The Court, again, conducted the required sua sponte screening on July 25, 2011. (ECF No. 7.) Despite the Court's Order allowing Plaintiff forty five (45) days to file a Second Amended Complaint, Plaintiff waited nearly fourteen months to file his Second Amended Complaint. (ECF No. 9.) Despite the untimeliness of this pleading, the Court permitted Plaintiff to proceed in this action. Therefore, the delays in this action have been due to Plaintiff's failure to timely comply with the Court's Orders.

Plaintiff has made no showing of "rare circumstances," *Holland*, 501 F.3d at 1124 n.4, or "deep-seated favoritism or antagonism" of any sort here. *Liteky*, 510 U.S. at 555. And absent some specific allegation of personal bias, prejudice or interest, the mere fact that this Court exercised its statutory duty under 28 U.S.C. § 1915(e)(2) and § 1915A(b) and found his pleadings insufficient to state a claim, is not enough to show that the Court's impartiality may reasonably be questioned. *See Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1980) ("In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to require recusal). Plaintiff's Motion to Disqualify is **DENIED**.

///

///

///

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act's ("PLRA") amendments to 28 U.S.C. § 1915 obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

The Court has reviewed Plaintiff's Third Amended Complaint, which is nearly one hundred and fifty (150) pages and found it to be identical, with the exception of a few additional pages, to Plaintiff's Second Amended Complaint which the Court has already found to be deficient. These additional pages offer no factual allegations or attempts to correct the deficiencies of pleading identified in the Court's February 19, 2013 Order. Instead, Plaintiff lists, for the second time, each of the named Defendants and sets forth eighteen causes of action with no additional facts. (ECF No. 12 at 10-23.) *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 ("A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'") (citations omitted.)

Moreover, Plaintiff failed to comply with Rule 8 or Local Rule 8.2 as ordered by the Court in the February 19, 2013 Order. "Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). By filing a nearly one hundred and fifty (150) page pleading that

was identical to his Second Amended Complaint, Plaintiff made no effort to comply with the Court's previous Order by either complying with Rule 8 or correcting the deficiencies of pleading noted by the Court.

Therefore, the Court dismisses Plaintiff's Third Amended Complaint, for the reasons set forth in the Court's February 19, 2013 Order dismissing Second Amended Complaint for failing to state a claim and as frivolous, for failing to comply with Rule 8 and for failing to comply with a Court Order.

### III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Disqualify is **DENIED**.

**IT IS FURTHER ORDERED that:**

2. Plaintiff's Third Amended Complaint is **DISMISSED** with prejudice for failing to state a claim upon which relief may be granted and as frivolous, for failing to comply with Rule 8 and failing to comply with a Court Order. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b); FED.R.CIV.P. 8. In addition, the Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: 8/9/13

HON. WILLIAM Q. HAYES
United States District Judge