FILED

JUL 25 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS, | CASE NO. 11cv0243-WQH-JMA |
| Plaintiff, | ORDER |
| v. | |
| K. RASKE et al., | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion to Set Aside Prior Judgment pursuant to Federal Rule of Procedure 60(b)(6).  (ECF No. 24).

**Background**

On February 4, 2011, Plaintiff, a state inmate currently incarcerated at Ironwood State Prison located in Blythe, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1).  In his Complaint, Plaintiff alleged that he was denied access to the courts when he was housed at Calipatria State Prison in 2009.  Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2).

On March 30, 2011, the Court granted Plaintiff's Motion to Proceed IFP and dismissed his Complaint for failing to state a claim upon which relief could be granted.  (ECF No. 3 at 4-5).  The Court granted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court.  *Id.*  Plaintiff was also cautioned that any Defendants not named and claims not re-alleged in the

1   Amended Complaint would be deemed to have been waived. *Id.* (citing *King v.*
2   *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

3   On April 21, 2011, Plaintiff filed his First Amended Complaint ("FAC"). (ECF
4   No. 4). On July 25, 2011, the Court dismissed Plaintiff's FAC for failing to state for
5   failing to state a claim upon which relief could be granted but permitted Plaintiff leave
6   to file a Second Amended Complaint ("SAC"). (ECF No. 7 at 5).

7   Plaintiff failed to submit a Second Amended Complaint within the time frame
8   set forth in the Court's Order but the Court permitted Plaintiff to file a Second
9   Amended Complaint ("SAC"), which was filed on September 7, 2012, (ECF No. 9).
10  On February 19, 2013, the Court, once again, conducted the required sua sponte
11  screening and found that Plaintiff's Second Amended Complaint failed to state a claim
12  upon which relief could be granted and was frivolous. (ECF No. 10 at 6-7). Plaintiff
13  was granted leave to file an Amended Complaint to correct the deficiencies of pleading
14  identified by the Court. Plaintiff was informed by the Court that he must comply with
15  both the Federal Rules of Civil Procedure Rule 8 and Local Rule 8.2, which provides
16  that prisoners must use the Court's form complaint and any additional pages are "not
17  to exceed fifteen (15) in number." *Id.* at 3.

18  On April 19, 2013, Plaintiff filed his Third Amended Complaint ("TAC"),which
19  failed to comply with the Court's previous Order, Rule 8, or Local Rule 8.2. (ECF No.
20  12). In addition, Plaintiff filed a "Motion to Disqualify Magistrate Judge." (ECF No.
21  14). On August 13, 2013, the Court denied Plaintiff's "Motion to Disqualify
22  Magistrate Judge" and dismissed Plaintiff's TAC. The Court ordered:

23      Plaintiff's Third Amended Complaint is **DISMISSED** with prejudice for
24      failing to state a claim upon which relief may be granted and as frivolous,
        for failing to comply with Rule 8 and failing to comply with a Court
25      Order. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b); FED.R.CIV.P. 8. In
        addition, the Court finds further amendment would be futile. *See Cahill*
26      *v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a
        leave to amend is not an abuse of discretion where further amendment
27      would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997
        F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and
28      cannot, state a claim containing an arguable basis in law, this action

should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

*Id.* at 6.  On August 13, 2013, the Clerk of Court issued a Judgment in the case. (ECF No. 16).

On September 20, 2013, Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals. (ECF No. 17).  On December 19, 2013, the Court of Appeals issued an order dismissing the appeal for lack of jurisdiction because the appeal untimely. (ECF No. 21).  On January 13, 2014, the Court of Appeals issued its mandate. (ECF No. 22).

On April 27, 2016, Plaintiff filed a Motion to Set Aside Prior Judgment pursuant to Federal Rule of Procedure 60(b)(6). (ECF No. 24).  Plaintiff requests that the Court reconsider its prior order "which was issued in clear error, and was manifestly unjust, and deprived Plaintiff of his Due Process Rights, and . . . amounted to a gross miscarriage of justice . . . ."  *Id.* at 1.  Plaintiff contends that the "Court's orders 'identifying deficiencies' . . . [were] vague, ambiguous, and overbreadth in it's sua sponte screening process in which the Court committed clear error, by failing to be more clear about what it ordered the Plaintiff" to do.  *Id.* at 3.  Plaintiff contends that "[t]he fact . . . that the Court [only] allowed three amendments proves that the Court comprehended that the deficiencies were curable. And only dismissed the case with prejudice, after Plaintiff moved to disqualify the Judge, as being bias[ed] against petitioner . . . ."  *Id.* at 4.  Plaintiff requests that the Court "reopen" his case in "the interest of justice."  *Id.*

## Discussion

"Rule 60(b)(6) . . . permits reopening when the movant shows 'any ... reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)."  *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005).  Rule 60(c) requires that a Rule 60(b) motion be made "within a reasonable time."  Fed. R. Civ. P. 60(c).  "What constitutes 'reasonable time' depends

1    upon the facts of each case, taking into consideration the interest in finality, the reason
2    for delay, the practical ability of the litigant to learn earlier of the grounds relied upon,
3    and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th
4    Cir. 2009) (citing *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam)).
5    Relief under Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent
6    manifest injustice and is to be utilized only where extraordinary circumstances
7    prevented a party from taking timely action to prevent or correct an erroneous
8    judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation
9    marks omitted). "A party moving for relief under Rule 60(b)(6) must demonstrate both
10   injury and circumstances beyond his control that prevented him from proceeding with
11   the action in a proper fashion." *Id.* (internal quotation marks omitted). "A motion for
12   reconsideration should not be granted, absent highly unusual circumstances, unless the
13   district court is presented with newly discovered evidence, committed clear error, or
14   if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc.*
15   *v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

16         In this case, Plaintiff filed his motion more than two years after the Ninth Circuit
17   Court of Appeals issued its mandate dismissing his case. *See* ECF No. 22. In a
18   declaration, Plaintiffs states, "I should be excused for timeliness . . . [because] [t]his is
19   the time where I am able to deal with the issues involved, I am on a level 1, less hostile
20   environment than the CALIPATRIA LEVEL FOUR, AND THE IRONWOOD LEVEL
21   THREE, where the officials were more hostile, vindictive, and extreme then the prison
22   inmates." (ECF No. 24 at 18). Plaintiff also states that he is "more experience" and
23   "able to adequately represent this matter, and deal with a Judge, more effectively then
24   before." *Id.* Prior to the dismissal of his TAC, Plaintiff was able to file his motions
25   and pleadings in a timely manner. Plaintiff has not stated an adequate reason for his
26   delay of more than two years and nor has he shown "extraordinary circumstances" to
27   justify the reopening of his case after more than two years. *See e.g.*, *Thompson v.*
28   *Kernan*, No. 06-CV-2314-IEG-RBB, 2015 WL 7820679, at *2 (S.D. Cal. Dec. 2, 2015)

1 (finding a delay of more than one year untimely); *Adams v. Hedgpeth*, 2014 WL
2 1795167, at *2 (C.D. Cal. Apr. 9, 2014) (" The Ninth Circuit has repeatedly held that
3 an unjustified two-year delay between judgment and motion for relief was
4 unreasonable, both in the habeas context and otherwise."); *Rodriquez-Villareal v.*
5 *United States*, 2007 WL 2410058, at *3 (S.D. Cal. Aug. 2007) (finding petitioner's
6 14-month delay before filing a Rule 60(b)(6) motion untimely).

7       Even if the Court were to find Plaintiff's motion timely, the Court concludes that
8 Plaintiff motion should be denied. Plaintiff contends that the "Court's vague and
9 ambiguous orders deprives Plaintiff of a sufficient understanding of the problem, or
10 issue, and matter in which it ordered an Amendment of the complaint." (ECF No. 24
11 at 15). Plaintiff was given three opportunities to amend his complaint. (ECF Nos. 3,
12 7, 10). Each time, the Court thoroughly addressed the deficiencies in Plaintiff's
13 complaint. The Court did not commit "clear error" in dismissing Plaintiff's TAC with
14 prejudice. *See Marlyn*, 571 F.3d at 880.

15                                    **Conclusion**

16       IT IS HEREBY ORDERED that Plaintiff's Motion to Set Aside Prior Judgment
17 pursuant to Federal Rule of Procedure 60(b)(6) (ECF No. 24) is denied.

18

19

20 DATED:     7/25/16

                                    **WILLIAM Q. HAYES**
21
                                    United States District Judge
22

23

24

25

26

27

28